# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JOAQUIN SUAREZ FLORES, | : | CRIMINAL NO. |
| Movant, | : | 1:07-CR-0279-CAP-GGB-14 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1347-CAP-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, Joaquin Suarez Flores, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 2054]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

I. Background

On June 22, 2009, Movant was convicted following a jury trial of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(ii), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).  [Doc. 1267].  On December 14, 2009, Movant was sentenced to a total term of 304 months of imprisonment.  [Doc. 1650].  Movant appealed, and on June 30, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences.  *United States v. Suarez Flores*, 385 F. App'x 881 (11th Cir. 2010); [Doc. 1841].  On November 1, 2010, Movant's petition for writ of certiorari was denied by the United States Supreme Court.  *Flores v. United States*, 131 S. Ct. 549 (2010).  On May 2, 2011, the United States Supreme Court again denied Movant's petition for writ of certiorari.  *Flores v. United States*, 131 S. Ct. 2890 (2011).

On April 15, 2013, Movant signed a motion to vacate under § 2255, and the motion was filed in this Court on April 23, 2013.  [Doc. 2054].  In his motion, Movant argues that his attorney was ineffective in failing to advise him of a plea offer based on the Supreme Court's holdings in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

2

II.  Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The § 2255 statute of limitations began to run on the date Movant's convictions and sentences became final.  Movant's convictions became final on May 2, 2011, when the Supreme Court denied certiorari.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (holding that a federal judgment becomes final, for purposes of the AEDPA's statute of limitations, when the Supreme Court affirms a conviction on the

3

merits on direct review or denies a petition for a writ of certiorari, or, if the prisoner does not seek certiorari, when the time for filing a certiorari petition expires).

Movant had one year from the date his convictions became final, or until May 2, 2012, to file a motion to vacate.  Movant filed his motion to vacate in this Court on April 15, 2013, almost a year after the limitation period expired.[1]  Because Movant's motion to vacate was filed outside the limitation period, it is untimely.

Movant bases his claims on the Supreme Court cases of *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).  Although Movant does not specifically make this argument, he appears to be basing his claims on these cases in an attempt to show that his motion should be considered timely, presumably under § 2255(f)(3).  However, the Eleventh Circuit has determined that neither *Frye* nor the related case of *Lafler* announced a newly recognized right that applies retroactively to cases on collateral review.  Instead, in *Frye* and *Lafler*, "the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel . . .

---

[1]Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).  I have used the date that Movant signed the petition as the date that it was delivered for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (holding that, absent evidence to the contrary, a prisoner's *pro se* motion to vacate would be treated as having been delivered to prison officials on the date that the prisoner signed it).

4

extends to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). *See Martin-Lopez v. United States*, 1:07–CR–0257–JEC–GGB at Docs. 946, 949 (finding that *Lafler* and *Frye* did not announce newly recognized retroactive rights for purpose of the calculation of the one-year period of limitation under § 2255(f)(3)). Moreover, even if *Frye* and *Lafler* applied, Movant did not file his motion within one year of the date of the Supreme Court's decisions in those cases. For these reasons, Movant's § 2255 motion is time-barred.

The one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549 (2010). In order to obtain equitable tolling of the AEDPA's filing deadlines, Movant must show that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562 (citation omitted). Equitable tolling is generally limited to rare and exceptional circumstances. *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000). Movant does not raise any argument to justify tolling the limitation period. Thus, Movant is not entitled to equitable tolling of the limitation period.

5

III.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right.  Movant filed his § 2255 motion after expiration of the limitation period, and he has failed to show that he is entitled to any tolling of the one-year period.  Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

6

IV.  Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Joaquin Suarez Flores's motion to vacate sentence [Doc. 2054] be **DENIED** as untimely.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 20th day of May, 2013.


*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

7