**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOAQUIN SUAREZ-FLORES, | : | MOTION TO VACATE |
| Reg. No. 47620-112, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
|     v. | : | 1:07-CR-279-CAP-GGB-14 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-1948-CAP-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant, Joaquin Suarez-Flores, confined in the Federal Correctional

Institution in Lompoc, California, has submitted a motion under 28 U.S.C. § 2255

to vacate, set aside, or correct sentence.  [Doc. 2091].  The motion to vacate is

presently before me for preliminary review under Rule 4(b) of the Rules Governing

Section 2255 Proceedings for the United States District Courts.  For the reasons

discussed below, I recommend that the motion to vacate be dismissed.

I.    Background

On June 22, 2009, a jury found Movant guilty of (1) conspiracy to possess

with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C.

§§ 841(a)(1), (b)(1)(A)(ii), and 846; and (2) conspiracy to launder money, in

violation of 18 U.S.C. § 1956(h).  [Doc. 1267].  On December 14, 2009, the Court

sentenced Movant to a total effective term of 304 months of imprisonment followed by five years of supervised release. [Doc. 1650]. Movant appealed, and on June 30, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences. *See United States v. Suarez Flores*, 385 F. App'x 881, 882 (11th Cir. 2010) (per curiam). [Doc. 1841]. The United States Supreme Court subsequently denied Movant's two petitions for a writ of certiorari. *See Flores v. United States*, 131 S. Ct. 549 (2010); *Flores v. United States*, 131 S. Ct. 2890 (2011).

Movant executed a motion to vacate on April 15, 2013, and the Court denied the motion as untimely on June 10, 2013. [Docs. 2054, 2055, 2057]. Movant did not appeal. Movant executed his present motion to vacate on June 14, 2014. [Doc. 2091 at 14]. Movant relies principally on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the Supreme Court determined that "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. Movant argues that the jury did not make findings regarding his sentencing enhancements, namely, drug quantity and conviction for money laundering. [*Id.* at 3, 9-11]. Movant also argues that the latter enhancement constituted "impermissible double counting," which "occurs only when one part of

2

the [United States Sentencing] Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226-27 (11th Cir. 2006) (quoting *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1309 (11th Cir. 1999)). [*Id.* at 11-13]. Movant seeks resentencing. [*Id.* at 13].

II.   <u>Discussion</u>

Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). Unless the Court of Appeals authorizes a second or successive motion to vacate, the District Court lacks jurisdiction to consider such a motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Movant has not obtained authorization from the Eleventh Circuit to file a second or successive motion to vacate. Therefore, the District Court lacks jurisdiction to consider the present motion to vacate. Movant fails to address the issue of jurisdiction, but he argues that his present motion to vacate is timely under

28 U.S.C. § 2255(f)(3).  [Doc. 2091 at 1-3].  Because there is no jurisdiction, I need not address Movant's argument regarding timeliness.  *See Lovett v. United States*, No. 1:12-cv-815-CC, 2012 WL 1134795 at *1 (N.D. Ga. Apr. 4, 2012) ("The issue in this case is not whether Movant timely filed his current motion seeking relief under § 2255, but whether the Court has jurisdiction to consider the motion at all.").

III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

4

> When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the present motion to vacate is a second or successive motion to vacate, and Movant has not obtained authorization from the Eleventh Circuit to file such a motion.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

IV.   Conclusion

Based on the foregoing, I **RECOMMEND** that the motion to vacate [Doc. 2091] be **DISMISSED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to me.

5

**IT IS SO RECOMMENDED**, this ___15th___ day of ___July___, 2014.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

6